CASE 72—PETITION EQUITY—NOVEMBER 1.

# Martin v. Taylor.

### APPEAL FROM BUTLER CIRCUIT COURT.

1. A SURETY IS RELEASED BY THE INTERFERENCE OF THE EXECUTION PLAINTIFF.—One defendant, a surety, in an execution was released from liability to pay the plaintiff, by the plaintiff ordering the return of the execution after it had been levied on sufficient property of a co-surety who had agreed to pay the whole debt.

2. Any act on the part of the execution plaintiff by which the legal rights of the surety therein were interfered with, in preventing a sale of the property levied on, operated as a release of the surety.

JOHN L. SCOTT, . . . . . . . . . . For Appellant,

CITED

Revised Statutes, sections 7, 10, chapter 97.
Civil Code, section 153.
3 J. J. Marshall, 528, Sneed's executor v. White.
3 Bibb, 467, Jones & Lee v. Bullock.
9 B. Monroe, 235, Glass v. Thompson.
4 Monroe, 492, Norton v. Roberts.
7 Monroe, 541, Robinson v. Offutt.
4 J. J. Marshall, 366, Farmers Bank v. Cosby.
2 Bibb, 309, Craig v. Cox.
3 Bibb, 360, Hughes v. Sanders.
1 Duvall, 263, Miller v. Dyer.
6 Bush, 647, Milliken v. Dinning.

A. J. & D. JAMES, . . . . . . . . . For Appellee,

CITED

6 Dana, 236, Stringfellow v. Williams, &c.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

Appellant, with F. Cooper and C. E. Haynes, were the sureties of one D. Sanderfur, in a note executed to appellee, S. J. Taylor, on the 7th of June, 1859, and due in the following December, for five hundred dollars.

Martin v. Taylor.

On the 1st of September, 1860, Sanderfur conveyed a store-house and lot in the town of Cromwell, in Ohio County, to Cooper and Haynes in consideration that they undertook and agreed to pay Taylor said debt, the value of the house being equal to the debt.

In 1863, the debt then being unpaid, Taylor was notified to bring suit on the note and make his money. Appellant alleges that he gave him the notice; appellee denies in his answer that any notice was given him; but Cooper proves that he prepared the notice at the request of appellant, and that appellee got it, to bring his suit and make his money; that notice to him was before he brought his suit, and he proves the notice was served on Taylor. After that he brought suit on the note, and at the November term, 1863, of the Butler Circuit Court recovered judgment against all the obligors therein.

May 19, 1865, execution issued on said judgment, and was placed in the hands of the sheriff of said county, on which the sheriff returned, he had levied it on one half of the Cromwell mill, given up by F. Cooper to satisfy the within *fieri facias*, 23d of June, 1865, and returned by order of plaintiff August 3, 1865. No other execution ever issued on said judgment until the 22d of July, 1869. Two hundred dollars are credited on it as of date the 20th of November, 1866, and two hundred and thirty-five dollars paid 26th of July, 1867.

After the last-named execution was issued, and was levied on the property of appellant, he filed his petition in the Butler Circuit Court alleging the foregoing facts, and that at the time appellee recovered his judgment Sanderfur, Cooper, and Haynes were all solvent, and had property sufficient to pay said debt; that appellee knew that Sanderfur had conveyed the store-house and lot to Cooper and Haynes to pay his debt; that he stood by and saw them sell the same without an effort to prevent it; and after the execution was levied on Cooper's half of the

mill, which was then worth at least three thousand dollars, he ordered the same to be returned, and failed to have another one issued for four years, and in the mean time Cooper's mill was burned down, he had become insolvent, and that he gave the indulgence to Cooper without the knowledge or consent of appellant, and that he looked to Cooper to pay the debt, announced he was his debtor, and the house and lot would fall into his hands; alleged that by the laches of Taylor and the lapse of time he was released; prayed for and obtained an injunction, and prayed that Taylor should be perpetually enjoined from collecting the debt from him. Taylor by his answer denies the material facts alleged, but they are substantially proved.

On the trial of the case the court below dismissed the petition and dissolved the injunction, and Martin asks a reversal of the judgment.

As the mill of Cooper levied on by the sheriff was amply sufficient to pay the debt, and as Cooper was in fact the principal debtor, having assumed that attitude by accepting as a part of the price for which the store-house and lot were sold a sum sufficient to pay the debt, Taylor could not intervene and prevent the sheriff from going on to make the money by virtue of the levy without increasing the liability of appellant; and by ordering the execution to be returned, and preventing the sale, he thereby discharged appellant from liability as surety; and that would be the consequence of such interference even if he did not know the obligation Cooper was under to pay said debt. Appellant's rights were the same whether appellee was apprised of the condition the parties occupied or not, and any act by which his legal rights were interfered with on the part of Taylor, and to prevent a sale of the property, would operate as a release to him. (Miller v. Dyer, &c., 1 Duvall, 263, and authorities cited.)

Wherefore the judgment is reversed, and the cause is re-

· manded with directions to render a judgment to enjoin perpetually the judgment of November, 1863, as to appellant, Martin, and that he recover his costs.